Dear Senator Leftwich
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 If a school district receives State funding for a support employee's flexible benefit allowance payments, may the district withhold the benefit allowance payment from an employee who has opted to receive the entire benefit allowance payment as taxable compensation, has exhausted sick leave and is unable to work, but is still employed by the district?
¶ 1 The statutes relevant to your question were amended in the 2002 legislative session and are referred to as the Larry Dickerson Education Flexible Benefits Allowance Act ("Act"), 70O.S. Supp. 2002, §§ 26-101-26-105.1. The Act applies to both certified and support employees.[1] The flexible benefit allowance for school district employees is part of what is commonly called a "cafeteria plan," and is designed to let employees choose benefits, mainly types of insurance coverage, to meet their particular needs. 70 O.S. Supp. 2002, §§ 26-102[70-26-102],26-104 (B). If after purchasing major medical coverage an employee has not exhausted the benefit allowance, he or she may receive the excess as taxable compensation. Id. §§ 26-104(C);26-105(A). Alternatively, employees may elect to receive their entire benefit allowance as cash compensation. Id. §26-105(A). The amount of the benefit allowance for employees who choose not to participate in the cafeteria plan is fixed by statute as follows:
 A. The flexible benefit allowance shall be used by a school district employee who is participating in the cafeteria plan to purchase major medical health care plan coverage offered by the school district through a cafeteria plan. Any excess flexible benefit allowance over the cost of the major medical coverage purchased by the employee who is participating in the cafeteria plan may be used to purchase any of the additional benefits offered by the school district or may be taken as taxable compensation as provided in subsection C of this section. Certified personnel who choose not to participate in the school-district-sponsored cafeteria plan shall receive Sixty-nine Dollars and seventy-one cents ($69.71) per month as taxable compensation in lieu of the flexible benefit allowance amount provided in subsection B of this section. Support personnel who choose not to participate in the school-district-sponsored cafeteria plan shall receive One Hundred Eighty-nine Dollars and sixty-nine cents ($189.69) per month as taxable compensation in lieu of the flexible benefit allowance amount provided in subsection B of this section.
Id. § 26-105 (emphasis added).
¶ 2 Although subsection B of Section 26-105 mandates varying benefit allowance amounts for participating employees each fiscal year, the plain language of subsection A indicates that the $189.69 paid monthly to non-participating support personnel remains stable from year to year, stating that this amount is "in lieu of the flexible benefit allowance amount provided insubsection B" of Section 26-105. Id. § 26-105(A) (emphasis added). Section 26-104 (F) further states that the benefit allowance amount for support employees shall not be considered as income, and that school districts may not in consequence reduce support employees' salaries by the benefit amount. Id.
¶ 3 Although the Act provides that each employee be credited annually with a specified amount as his/her benefit allowance, a participating employee who is terminated during a plan year is not entitled to any benefit amount beyond the termination date. ("On termination during a plan year, a participating school district employee shall have no right to receive any such taxable cash compensation allocated to the portion of the plan year after the termination of the employee.") Id. § 26-105(C). However, the Act does not address the situation you describe, in which a school district withholds the benefit amount for a non-participating employee who normally receives the entire benefit allowance as taxable compensation, has exhausted all leave and is unable to work, yet has not been terminated.[2]
¶ 4 School districts are required to provide support employees with paid sick leave of at least one day per month of employment, up to a maximum of sixty days. 70 O.S. 2001, § 6-104[70-6-104](D). When a support employee exhausts all his or her paid sick leave and is still unable to work, as in the situation you describe, he or she receives no compensation for the time not worked. Compensation is defined as "payment for value received or service rendered." Webster's Third New International Dictionary 463 (3d ed. 1993). Logically, if an employee receives no salary when on extended leave, he or she will not receive fringe benefits either, absent a requirement under some other law, (i.e., workers' compensation or FMLA), or a negotiated contract provision. If an employee normally receives the amount of the flexible benefit allowance as taxable compensation, as in the situation you describe, he or she is therefore not eligible to receive the benefit allowance for periods when no services are rendered in the form of work as an employee, because no compensation is due.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A school district support employee who has opted to receive his or her entire flexible benefit allowance amount as taxable compensation under the Larry Dickerson Education Flexible Benefits Allowance Act, 70 O.S. Supp. 2002, §§ 26-101-26-105.1, is not entitled to receive the benefit allowance payment when he or she has exhausted all sick leave and is unable to work, because the employee has performed no compensable services to earn the benefit allowance payment.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General
[1] Certified employees include teachers, principals, supervisors, administrators, counselors, librarians, and certified or registered nurses. 70 O.S. Supp. 2002, § 26-103[70-26-103](8). Support employees are full-time school district employees who work as "cooks, janitors, maintenance personnel, bus drivers, noncertified or nonregistered nurses, noncertified librarians, and clerical employees." Id. § 26-103(4).
[2] You do not indicate whether Workers' Compensation, the Family Medical Leave Act ("FMLA"), a collective bargaining agreement, or individual employment contract are contemplated in your question; therefore, this Opinion does not address benefits potentially available thereunder.